IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of<br><br>CERTAIN WAFER-LEVEL PACKAGING SEMICONDUCTOR DEVICES AND PRODUCTS CONTAINING THE SAME (INCLUDING CELLULAR PHONES, TABLETS, LAPTOPS, AND NOTEBOOKS) AND COMPONENTS THEREOF | MISC ACTION NO. ____<br><br>REQUEST FOR ISSUANCE OF LETTER ROGATORY FOR THE TAKING OF EVIDENCE IN JAPAN |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAMSUNG'S MOTION FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO ISSUE A LETTER ROGATORY TO PANASONIC CORPORATION**

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively "Samsung"), Respondents *In re Certain Wafer-Level Packaging Semiconductor Devices and Products Containing the Same (Including Cellular Phones, Tablets, Laptops, and Notebooks) and Components Thereof*, Investigation No. 337-TA-1080 before the U.S. International Trade Commission ("ITC"), hereby submit this memorandum in support of their request for the issuance of a Letter Rogatory to Panasonic Corporation in connection with the above-captioned investigation.

I.   **STATEMENT OF FACTS**

On December 28, 2017, the Honorable Charles E. Bullock, Administrative Law Judge presiding over this investigation at the ITC, issued a recommendation to the District Court for the District of Columbia to issue a Letter Rogatory to Panasonic Corporation. *See* Exhibit A.

The Letter Rogatory solicits assistance from the Appropriate Judicial Authority of Japan to obtain from Panasonic Corporation documents and testimony relevant to the above-captioned

investigation. *See* Exhibit B. Attached to the Letter Rogatory, Samsung has included a set of requests for the production of documents (Attachment A to Exhibit B), a set of deposition topics and written questions (Attachment B to Exhibit B), the ITC Protective Order (Attachment C to Exhibit B), the ITC Ground Rules (Attachment D to Exhibit B), and the ITC Complaint (Attachment E to Exhibit B). In addition, Samsung has included certified translations of these documents into Japanese as attachments to the certified translation of the Letter Rogatory. *See* Exhibit C.

II.     **STATEMENT OF POINTS AND AUTHORITIES**

The Letter Rogatory submitted herewith requests the assistance of the proper judicial authority of Japan in compelling the production of documents and deposition testimony from Panasonic, which may be material to determining facts at issue in the underlying ITC investigation No. 337-TA-1080. This Court is authorized to issue this Letter Rogatory under 28 U.S.C. § 1651.

Because Japan is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, compulsion of evidence in Japan can be achieved only on the basis of comity, pursuant to a letter rogatory. *See* "Japan Judicial Assistance" https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html, attached hereto as Exhibit D, summarizing the understanding of the United States Department of State regarding the compulsion of evidence in Japan.

The proposed order submitted herewith permits a consul of the United States to allow for the taking and transcribing of various depositions by Respondents Samsung at the U.S. Consulate General in Osaka-Kobe, Japan. The proposed order solicits deposition testimony from Panasonic, through one or more designated officers, directors, managing agents, or other person(s) who consent to testify on behalf of Panasonic on the designated topics.

The requested order for the issuance of a Letter Rogatory is necessary because Article 17 of

the Japan-United States Consular Convention only authorizes American consular officers to take depositions in Japan, "on behalf of the courts or other judicial tribunals or authorities of the sending state (United States), voluntarily given, in accordance with the laws of the receiving state (Japan)." This provision regarding the authority of consular officers to take depositions has been interpreted by the Japanese Government very strictly. *See* Exhibit D. Japanese law and practice, and the mutually-agreed upon interpretation of the U.S.-Japan Consular Convention concerning obtaining evidence in Japan, permits the taking of deposition of a willing witness on U.S. consular premises for use in U.S. courts only: (1) when pursuant to a commission (28 U.S.C. App. Fed. It Civ. P. Rule 28(b)(2)) to take a deposition issued by a court to any Consul or Vice-Consul of the United States at (Tokyo, Naha, Osaka-Kobe, Sapporo, Fukuoka); or (2) on notice, provided an order issued by a court in the United States specifically authorizes a U.S. consular officer to take the deposition on notice. *See id.*

## III. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant its motion and issue Samsung's Letter Rogatory to Panasonic Corporation through the Appropriate Judicial Authority of Japan.

Dated: January 5, 2018

Respectfully submitted,

*/s/ Laura K. Waters*

Laura K. Waters (#1023345)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Phone: (202) 383-5300
Fax: (202) 383-5414
lwaters@omm.com

3